WOLF by SMYSER her guardian, *against* EICHELBERGER, SHEARER and SMYSER.

IN ERROR.

E. was the guardian of W., and with her money purchased land in trust for her, by a deed, in which the trust was not declared, he afterwards made an assignment of this land to trustees for the payment of his debt. The trustees sold it, and before the distribution of the fund, W. gave notice of her claim, and brought suit for the money. *Held*, that she was entitled to recover.

ERROR to the District Court of *York* county.

The plaintiff in error, who was the plaintiff below, brought assumpsit for money had and received to her use, for the price of three-fourths of a tract of land, which the defendants under a deed of trust for the payment of his debts, from *Jacob Eichelberger*, had sold and conveyed. It was admitted, that the sum for which it had sold, was insufficient for the payment of the preferred debts provided for in the deed of trust.

The plaintiff offered to prove, that *Jacob Eichelberger*, was her guardian, and had bought this land in trust, with her funds for her, by a deed, in which, however, the trust did not appear; that he afterwards declared that it was her property, and gave directions to have a deed prepared to convey it to her, but before it could be prepared, *Eichelberger* assigned the same to the defendants in trust. This evidence was objected to, and over-ruled by the court, who sealed a bill of exceptions, upon which error was now assigned here.

*Lewis* for the plaintiff in error.

The trustees are in the place of the debtor, and they are not purchasers for a valuable consideration, entitled to be protected as such. *Haggerty* v. *Palmer*, 6 *John Ch. R.*, 437. The equity of the plaintiff is a superior equity, of which the defendants had notice before the distribution of the fund; and the plaintiff had an equitable lien on such fund. *Dexter* v. *Stewart*, 7 *John Ch. R.*, 52. *Murry* v. *Lylburn*, 2 *John Ch. R.*, 441.

*Barnitz* for the defendant in error.

However the plaintiff might have had a claim to the land, which was held upon a secret trust by *Eichelberger*, she can have no claim against the defendants for the proceeds of the sale, which they are bound to distribute according to the provisions of the deed

(Wolf *v.* Eichelberger and others.)

of trust.   They are purchasers for a valuable consideration, without notice of the secret trust in favor of the plaintiff, and they hold for the benefit of creditors who unite to a meritorious equity, the legal estate.   These trustees are bound to these creditors and cannot relinquish the trust.  4 *John Ch. C.*, 126.

The plaintiff was a creditor under this deed of trust, she could take under it, but only according to its provisions.  *Irwin* v. *Tabb*, 17 *Serg. & Rawle*, 419.

The opinion of the court was delivered by

KENNEDY, J.—This was an action of assumpsit for money had and received, brought by the plaintiff to recover, twenty-nine hundred and seventy dollars, money received by the defendants, as the price of three-fourths of a tract of land of one hundred and eighty acres, which they as the assignees of *Jacob Eichelberger*, sold to *John Swartz*.

On the trial of the cause in the court below, the plaintiff gave in evidence a deed bearing date, the 28th day of October, 1829, from *Jacob Eichelberger*, to the defendants, by which he conveyed to them, *inter alia*, three-fourths of 180 acres of land, lying in Conewago township, and in trust for the purpose of paying his debts according to a certain order therein prescribed.   It was admitted by the defendants, that they had sold and conveyed this land to *John Swartz*, for $2970, which they had received, and still held in their hands.   It was also admitted that the whole of the property assigned by *Jacob Eichelberger*, to the defendants was insufficient to meet the payment of those debts, which according to the assignment, were to be paid by the defendants before the plaintiff's claim.

The plaintiff then offered to prove that *Thomas Eichelberger* and *Henry Slagle*, were seized in fee of three-fourths of the 180 acres; and that being so seized, *Jacob Eichelberger* bought, in 1814, one-fourth of the same, and in 1826, bought two other fourth from them with the money of *Mary Wolf*, which he had in his hands as her guardian; but took the deeds of conveyance in his own name, without any trust appearing on the face of either of them. The defendants objected to this evidence, and the court below overruled the testimony.   This is assigned as error.   If *Jacob Eichelberger*, being the guardian of the plaintiff, *Mary Wolf*, and having her money in his possession, employed it in the purchase of this land, although he made the purchase in his own name, and took the deed of conveyance to himself, it must be considered by operation of both law and equity a purchase in trust, and for the use and benefit of his ward, whose money he used in paying for it. The consideration which he gave for the land belonged to the plain-

(Wolf *v.* Eichelberger and others.)

tiff, and will transfer the use of the land so bought to her as the owner of the consideration given for it. It is a resulting trust, not within the statute against frauds and perjuries, and may be proved by parol evidence. This has long since been well settled.

It is, however, contended that the assignment by *Jacob Eichelberger* of this land to the defendants, in trust for the payment of his debts, without any notice, either to the defendants or the creditors, in whose favor the assignment was made of the trust, placed the defendants in the situation of *bona fide* purchasers, without notice for a valuable consideration. If this position was even true, it would not have been a sufficient reason for rejecting the testimony, because the effect of it could only have been determined after all the testimony had been given; and as the jury then found the fact of notice, or no notice. But how can the defendants be considered purchasers for a valuable consideration? They gave nothing for the land to *Jacob Eichelberger;* nor can it be said that his creditors did. It was not upon the faith of their obtaining any interest in the land that they advanced him money, or became his creditors. By the plaintiff's recovering the money in the hands of the defendants, arising from the sale of this land, these creditors are placed in no worse situation than they were immediately before, and at the time of making the assignment. It is not pretended that they parted with, or gave up any thing, even any part of the security which they had for the payment of their debts, in consideration of getting the assignment. There is no reason why the defendants, or the creditors should be placed in a different situation, as to the plaintiff's claim, than *Jacob Eichelberger* would stand in himself, had he sold the land, and received the money. It is true that *Jacob Eichelberger* could not have forced his ward to take the land, unless, indeed, as it has happened, by becoming insolvent, and leaving her no alternative but to lose her money, or look to the land or its price. She had her election, had *Jacob Eichelberger* been worth millions, to have demanded of him her money, or to have taken the land, whichever might have been of the most value; for a guardian or trustee shall not be permitted to make profit or gain of his ward's money or estate, or of the trust fund, and to put gain or profit into his own pocket.

It is impossible that the defendants or the creditors of *Jacob Eichelberger* can withhold this money from the plaintiff, but in violation of every principle of confidence and good faith; provided the case should turn out in proof as the plaintiffs allege it to be. There was error in rejecting the testimony offered. The judgment of the District Court must therefore be reversed, and a *venire de novo* awarded.

Judgment reversed, and a *venire de novo* awarded.